J. H. BRENT AND SURETIES V. HOHORST, TRAUFELS & CO.

(No. 205, Op. Book No. 1, p. 647.)

APPEAL from Navarro County.   Opinion by WHITE, J.

§ 343. *Sureties on sheriff's bond; liability of.*   By their undertaking and obligation, the sureties upon the sheriff's bond were only liable for his acts done in his official capacity.   When the parties, by their agreement, took the property attached out of the custody of the law and authorized the sheriff to sell it without reference to the legal proceedings pending, he simply became, in making the sale, their trustee and agent, as any other private individual would have been who might have been selected by them for that purpose.   When he appropriated the funds arising from the sale, it was a breach of this private trust, and not an act of official misconduct for which he and his sureties could be held liable upon his official bond.   There was no cause of action against the sureties.

June 15, 1878.                    Reversed and remanded.

W. A. LOCKHART V. O. P. BOWLES.

(No. 509, Op. Book No. 1, p. 651.)

APPEAL from Bexar County.   Opinion by ECTOR, P. J.

§ 344. *Judgment by default; garnishment.*   It is error to render judgment by default when a plea is on file, even if the plea is defective.   An insufficient or defective answer should be excepted to so that proper amendment may be made.   If not excepted to, the irregularity will be deemed waived.   The failure to call the garnishee before rendering judgment by default vitiates the judgment.   [Culbertson v. Ellison, 20 Tex. 102.]

June 15, 1878.                    Reversed and remanded.